OKLAHOMA TAX COMMISSION — DISCLOSURE OF INFORMATION The Oklahoma Tax Commission may not disclose tax information to any other state agency or to its employees, except those specifically authorized to receive such information by 68 O.S. 205 [68-205] (1971). House Bill 1527 of the Second Regular Session of the Thirty fourth Legislature does not preclude the Tax Commission from entering into a contract pursuant to the authority of 74 O.S. 581 [74-581] (1971), to purchase the services contemplated by House Bill No. 1166 of the First Regular Session of the Thirty-fifth Legislature. The Attorney General has received your request for an opinion wherein you, in effect, ask the following questions: 1. Can the Oklahoma Tax Commission disclose tax information to any other state agency or to its employees? 2. Does House Bill No. 1527 of the Second Session of the Thirty fourth Legislature preclude the Tax Commission from reimbursing the State Board of Public Affairs for data processing services rendered pursuant to the provision of House Bill No. 1166 of the First Regular Session of the Thirty-fifth Legislature? Attorney General's Opinion No. 75-115 is deemed to answer your first question. In this opinion the Attorney General found that 68 O.S. 205 [68-205] (1971) does not allow the Oklahoma Tax Commission or its employees to divulge, disclose or release to any person or entity, other than those specifically designated in said statute, copies of or information from the files or records maintained by the Commission. As no factual or legal basis for overruling said opinion has been presented to this office, it is specifically reaffirmed herein. It should be noted, however, that the prohibition against disclosing information contained in this section does not necessarily conflict with the provisions of House Bill 1166 of the First Regular Session of the Thirty-fifth Legislature transferring the data processing activities of the Tax Commission to the State Board of Affairs. Your second question involves an interpretation of certain language found in House Bill 1527 of the Second Regular Session of the Thirty fourth Legislature, which was the Tax Commission's appropriation bill for fiscal year 1974-1975. Section 1 of this bill contained the following language: "There is hereby appropriated to the Oklahoma Tax Commission, from the Oklahoma Tax Commission Fund of the State Treasury, for the fiscal year ending June 30, 1975, not otherwise appropriated, the sum of Nine Million One Hundred Forty-two Thousand Two Hundred Fifty-eight Dollars ($9,142,258.00), to be used to pay salaries of the members of the Oklahoma Tax Commission, salaries of officials and employees of the Oklahoma Tax Commission and operating expenses of the Oklahoma Tax Commission, including traveling expenses, rent, purchase of supplies and equipment, and other general operating expenses- incurred in the operation of the Oklahoma Tax Commission. Provided, however, that no monies herein appropriated shall be used to pay for any equipment, supplies or other obligations contracted for prior to the fiscal year herein specified, nor for the payment of any judgment or claim growing out of any contract or obligation originating prior to said fiscal year, nor shall any monies appropriated herein be used to pay for any new programs designed to change the present method of registration and licensing of motor vehicles, nor for the operation or partial operation of any other state agency, except as hereinafter provided." (Emphasis added) A plain reading of this Section would appear to render an affirmative answer to your second question. It is the opinion of this office, however, that the prohibition contained therein only applies to a gratuitous turning over of Commission monies to another State agency, and would not affect the power of the Commission to contract for the services contemplated under House Bill No. 1166, enacted by the First Regular Session of the Thirty-fifth Legislature. This bill, among other things, provides for centralization of the electronic data processing activities of state government and the transferral of certain equipment and duties from the Oklahoma Tax Commission to the State Board of Affairs. Section 6, subparagraph 4 of the Bill specifically provides for the development of a "standard form of agreement to be executed when one agency provides data processing equipment or services to another agency." In this regard, it should be noted that 74 O.S. 581 [74-581] (1971) specifically provides that one State agency may contract with another for services such as envisioned by House Bill No. 1166. This Section reads as follows: "That any department of the State government or any State institution may contract with any other department of State government or institution having under its control the personal services, labor and equipment, machinery or other facilities to perform needed work for or on behalf of the State or its subdivisions, department or institutions, when such work may be performed by the use of machinery, equipment, material and/or labor of the department or institution under its control contracting to furnish such service by the use of such facilities of its own, or those of any institution of the State under its control. The department or institution or subdivision obtaining and receiving such services shall pay or otherwise compensate the department or institution performing the work for the fair value thereof, including the cost of material used and proper compensation by payment or exchange for any personal services, labor, equipment and material employed in performing such work or services; which said funds shall be deposited in a special depository account to be kept separately from all other collections and may be expended by the departments, subdivisions or institutions performing the services by voucher issued by said department or institution and drawn on the State Treasurer; provided, however, that when such services are performed by any department or institution having a revolving fund, such payments may be credited to and become a part of such revolving fund." (Emphasis added) It is, therefore, the opinion of the Attorney General that your first question be answered in the negative in that the Oklahoma Tax Commission may not disclose tax information to any other state agency or to its employees, except those specifically authorized to receive such information by 68 O.S. 205 [68-205] (1971). It is further the opinion of the Attorney General that your second question be answered in the negative in that House Bill 1527 of the Second Regular Session of the Thirty-fourth Legislature does not preclude the Tax Commission from entering into a contract, pursuant to the authority of 74 O.S. 581 [74-581] (1971), to purchase the services contemplated by House Bill No. 1166 of the First Regular Session of the Thirty-fifth Legislature. (James R. Barnett)